CURTISS *vs.* SAMUEL MILLER and HENRY MILLER.

A lease was dated the 10th day of April, 1843, and was "for the term of five years" from that date "to be fully completed and ended by the 1st day of April, 1848." The tenant agreed to pay as follows : "$130 for each and every year, $65 to be paid on the 1st of April, 1844, and $65 to be paid on the 1st day of October of the same year, and so on, paying $65 at the expiration of each and every six months until the $650 shall have been paid, it being the amount of the rent for the five years." By an agreement between the parties the premises were, on the 2d day of April, 1846, surrendered to the lessor. *Held,* that the effect of the lease was to give the tenant a credit of about six months from and after the expiration of each half-yearly period out of which the rent grew, before it could be demanded or was payable ; and that at the time of the surrender the last half of the third year had not expired, but had eight days longer to run.

*Held also,* that the rent for the last half of the third year was extinguished by the surrender of the term.

Where a term is surrendered before the expiration of the period for which rent accrues, the rent for the whole of such period, not then due, is extinguished, and can neither be distrained for nor collected by action.

THIS action was originally commenced before a justice of the peace, and was certified to this court, by the county judge of Monroe county, who had been counsel for one of the parties. The action was brought to recover $65, being rent which became due from the defendants on the 1st day of October, 1846, upon a lease from one Orrin Sperry to them, executed on the 10th day of April, 1843, and which rent had been assigned to the plaintiff, by Sperry. The defendants answered, denying the allegations in the complaint, and alleging that by an agreement made between Sperry, the lessor, and the defendant Samuel Miller, (Henry Miller being merely a surety,) on the 2d day of April, 1846, Miller surrendered the term to Sperry ; by which the defendants insisted the rent was discharged. The lease and agreement were proved and read in evidence. The material provisions of the lease are stated in the opinion of the court. By the agreement, S. Miller " agrees to give up" to Sperry " the remainder of the term of a lease for five years" of the premises described in the lease, and to assign to Sperry a certain land contract. Sperry was to have possession of the premises covered by the lease, and of the lot embraced in the contract, immedi-

ately, with the exception of the house and barn and yard, and was to have all the growing crops. In consideration of which Sperry agreed to pay Samuel Miller $550 by the 1st day of May then next, &c. At the foot of this contract was a. receipt for the $550, signed by S. Miller, and dated May 2, 1845. The justice rendered a judgment in favor of the plaintiff for $94.25 besides costs.

*J. C. Cochrane*, for the appellants.

*M. S. Newton*, for the respondent.

*By the Court*, JOHNSON, J. The decision of the court of appeals, in the former suit between the same parties, does not control or affect the question involved in this action. The question there was whether the agreement to surrender the remainder of the term, and the payment of the sum agreed upon by the landlord, raised the presumption that the rent which had accrued prior to the agreement for the surrender had been paid. The court held that the presumption of payment did not arise in such a case. The only question here is, whether in judgment of law the surrender did not extinguish all rent which had not accrued or become due at the time of the surrender. The action was to recover the half year's rent which, by the provisions of the lease, would fall due on the 1st of October, 1846, being the last half of the preceding year. The lease is dated the 10th of April, 1848, and by its terms is "for the term of five years from the above mentioned date, to be fully completed and ended by the first day of April, 1848." The tenant agreed on his part to pay as follows : " $130 for each and every year, $65 to be paid on the first of April, 1844, and $65 to be paid on the first day of October of the same year, and so on, paying sixty-five dollars at the expiration of each and every six months until the $650 shall have been paid, it being the amount of the rent for the five years." The effect of this was to give the tenant a credit of about six months from and after the expiration of each half yearly period out of which the rent grew, before it could be demanded or was payable. The agreement for the surrender was

Curtiss *v.* Miller.

executed and the surrender effected on the 2d of April, 1846. One question presented is whether the last half of the third year had then expired. I am of opinion it had not, but had eight days longer to run. On the part of the plaintiff it is contended that each year for the whole term ended on the 1st of April. But this is not necessarily so, and there is nothing in the terms of the lease to show that it was so intended and understood by the parties. The last year did, it is true, because that was the end of the term; but it does not necessarily follow from this that each of the other years did. The term commenced on the 10th of April, and the rent was a yearly rent, payable in half yearly installments. The first half year out of which the rent grew would expire on the 10th of October, 1843; and had the lease been surrendered and canceled on the 2d of that month, it seems to me it could scarcely have been pretended the first six months had expired. Or, suppose it had been on the 2d of April, 1844, could it be said that the tenant had then occupied a full year? Clearly not. This being so, the rent for the last half of the third year was extinguished by the surrender of the term. It is well settled by numerous adjudged cases, that when the term is surrendered before the expiration of a period for which rent accrues, the rent for the whole of such period, not then due, is extinguished, and can neither be distrained for nor collected by action. (*Bain* v. *Clark,* 10 *John.* 422. *Shepard* v. *Merrill,* 2 *John. Ch.* 280. *Bac. Abr. tit. Rent, L.* *Clum's case,* 10 *Co.* 128. *Shep. Touch.* 300, 301. *Magaw* v. *Lambert,* 3 *Barr,* 444. *Greider's appeal,* 5 *Id.* 422. *Hall* v. *Burgess,* 5 *Barn. & Cress.* 332. *Grimman* v. *Legge,* 8 *Id.* 324.) Upon this construction of the lease it is unnecessary to examine the case upon the assumption that the period, out of which the six months' rent sought to be recovered grew, had expired at the date of the surrender. I am of opinion, however, that even had the period then expired, inasmuch as the rent for that period was not due and payable by the terms and conditions of the lease until the first of October thereafter, the surrender would have extinguished it. Because the surrender not only destroys the relations between the parties, but absolutely destroys the covenants in the

lease which remain unbroken, and absolve all parties from their obligations under it, upon such contracts. It does not operate to extinguish rent then due, because that has already become a personal debt. (*Opinion of Ruggles, Ch. J., court of appeals, in former case.*)

I do not, however, place the decision upon this ground. The judgment of the court below must therefore be reversed.

*Judgment reversed.*

[MONROE GENERAL TERM, March 6, 1854. *Selden, Welles* and *Johnson,* Justices.]